IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL A. GALLUZZO,

          Plaintiff,          Case No. 3:09-cv-320

vs.                                        Judge Thomas M. Rose

MICHAEL J. ASTRUE,             Magistrate Judge Sharon L. Ovington
Commissioner of Social Security,

          Defendant.

_____

**ENTRY AND ORDER OVERRULING GALLUZZO'S OBJECTIONS (Doc. #18) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #17) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT GALLUZZO WAS NOT DISABLED AND TERMINATING THIS CASE**

_____

      Pro se Plaintiff Michael A. Galluzzo ("Galluzzo") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). Following two administrative hearings, Administrative Law Judge ("ALJ") Daniel R. Shell issued a decision on the applications finding that Galluzzo was not disabled. That decision became the final decision of the Commissioner, from which Galluzzo now appeals.

      On July 20, 2010, United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #17) recommending that the Commissioner's disability decision regarding Galluzzo be affirmed. Galluzzo subsequently filed Objections (doc. #18) and the

Commissioner responded to Galluzzo's Objections (doc. #19). This matter is, therefore, ripe for decision.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #17) and in Galluzzo's Objections (doc. #18) and the Commissioner's Response (doc. #19), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Galluzzo was not disabled. Finally, Galluzzo's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to

a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the ALJ's decision is supported by substantial evidence. WHEREFORE, based upon the aforesaid, Galluzzo's Objections to the Magistrate Judge's Report and Recommendations (doc. #18) are OVERRULED. This Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #17) in its entirety. The Commissioner's decision that Galluzzo was not disabled is AFFIRMED.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Third Day of August, 2010.

.                                                                                          **s/Thomas M. Rose**
                                                                                         _____
                                                                                         JUDGE THOMAS M. ROSE
                                                                                         UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record
Michael A. Galluzzo at his last address of record